United States District Court
Southern District of Texas
**ENTERED**
November 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAYMOND EARL CARR, | § | CIVIL ACTION NUMBER |
| (TDCJ #02536593) | § | 4:26-cv-03250 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ERIC GUERRERO, | § | |
| Respondent. | § | |

**OPINION AND ORDER ON DISMISSAL**

The petition for a writ of *habeas corpus* brought by Petitioner Raymond Earl Carr is dismissed as barred by the statute of limitations.

1. Background

On December 3, 2024, Petitioner pleaded guilty to one count of unlawful possession of a firearm by a felon in Cause Number 1882273 in the 496th Judicial District Court of Harris County, Texas. Dkt 15-21 at 69–71. The court sentenced him to eight years in prison. Ibid. Petitioner didn't take a direct appeal.

Petitioner filed his first state application for writ of *habeas corpus* to challenge this conviction on May 13, 2025. Id at 5–24. The Texas Court of Criminal Appeals dismissed the application on July 16, 2025, as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure. Dkt 15-20.

Petitioner filed a second state *habeas* application to challenge this conviction on September 16, 2025. Dkt 15-30 at 4–26. The CCA dismissed the application on December 4, 2025, as again noncompliant with Rule 73.1. Dkt 15-29.

Petitioner filed several other state *habeas* applications, both before and after the ones identified above, but none of them challenged his conviction in Cause Number 1882273. Dkts 15-11, 15-13, 15-17, 15-26, 15-35, & 15-40.

Petitioner proceeds here *pro se*. He filed the pending federal petition for writ of *habeas corpus* on April 20, 2026. Dkt 1. He filed an amended petition on July 15, 2026. Dkt 13. The amended petition contends that the judgment of conviction in Cause Number 1882273 should be vacated because (i) trial counsel provided ineffective assistance of counsel in multiple ways, (ii) the prosecution was vindictive and the product of judicial misconduct, (iii) use of his prior convictions to enhance his sentence violated double jeopardy and the Ex Post Facto Clause, (iv) insufficient evidence supported his conviction, (v) the events surrounding his arrest violated the Fourth and Fifth Amendments, (vi) his sentence is unconstitutionally disproportionate, and (vii) his plea was involuntary. Id at 5–10, 16–17. Petitioner didn't answer the question on the form petition concerning the timeliness of his filing. Id at 13.

Respondent answered the petition, contending that relief is barred by the statute of limitations. Dkt 14. Petitioner filed a timely reply addressing the merits of his claims but not the timeliness of his filing. Dkt 16. He later filed a supplemental response, contending that he should be entitled to equitable tolling of the limitations period. Dkt 18.

Also pending are a motion by Petitioner to set aside the indictment, a motion for "fact development procedures," and a motion for appointment of counsel. Dkts 17, 20 & 21.

2. Legal standard

The Anti-Terrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for federal petitions seeking a writ of *habeas corpus*. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a

> person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 USC §2244(d)(1).

Most directly at issue here is §2244(d)(1)(A), pertaining to limitations running from judgment finality at the conclusion of direct review. The Fifth Circuit has explained that "a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review." *Roberts v Cockrell* 319 F3d 690, 694 (5th Cir 2003) (cleaned up). Absent appeal to the state's highest court, a judgment becomes final when the time for seeking such review expires. *Gonzalez v Thaler*, 565 US 134, 137 (2012).

But even after a judgment becomes final in state proceedings, the limitations period under §2244(d)(1)(A) doesn't proceed inexorably forward. AEDPA instead provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." 28 USC §2244(d)(2). And so, the clock that ticks onward pursuant to §2244(d)(1)(A) is paused to the extent and during the period to which §2244(d)(2) applies. But a state *habeas* application filed after the federal *habeas* limitations period has expired doesn't extend that already expired period. See *Scott v Johnson*, 227 F3d 260, 263 (5th Cir 2000).

Petitioners seeking a writ of *habeas corpus* under 28 USC §2254 may also seek to toll the limitations period by invoking the doctrine of equitable tolling. This preserves claims in situations "when strict application of the statute of limitations would be inequitable." *Mathis v Thaler*, 616 F3d 461, 475 (5th Cir 2010), quoting *In re Wilson*, 442 F3d 872, 875 (5th Cir 2006, *per curiam*). And so, even if a petitioner can't pause AEDPA's statutory limitations period under §2244(d)(2), he can seek to achieve the same result equitably.

3. Analysis

a. Limitations

Petitioner's conviction became final when his time to take a direct appeal expired, being thirty days after the day sentence was imposed in open court. TRAP 26.2. Petitioner's sentence was imposed in open court on December 3, 2024, making his deadline to file a timely notice of appeal January 2, 2025. He thus had until January 2, 2026, to file a federal petition for *habeas corpus*, unless he properly filed an application for state post-conviction or other collateral review before that time to toll the running of the limitations period. 28 USC §2244(d)(2).

A *properly filed* application for state *habeas corpus* relief is "one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v Johnson*, 184 F3d 467, 469 (5th Cir 1999) (cleaned up). Such an application must also comply with the rules concerning the use of an approved standardized *habeas* form. See *Caldwell v Dretke*, 182 F Appx 346, 347 (5th Cir 2006, *per curiam*); see also *Wickware v Thaler*, 404 F Appx 856, 858–59 (5th Cir 2010)

(holding that state *habeas* applications dismissed for failing to comply with TRAP 73.1 and 73.2 aren't *properly filed*).

The CCA dismissed Petitioner's initial state *habeas* application for noncompliance with the state rule requiring all claims to be submitted on an approved standardized form. The CCA dismissed his second application for the same reason. Because neither application complied with the state's procedural rules, neither was *properly filed*. This means that neither tolled the running of the limitations period. Petitioner's federal petition was filed more than four months after the federal limitations period expired. It thus appears untimely unless another statutory provision applies.

Petitioner doesn't allege or demonstrate that any of the alternate AEDPA provisions provide a different end to the limitations period. As to §2244(d)(1)(B), nothing in the record indicates that any unconstitutional action by the State impeded Petitioner from filing his petition for federal *habeas* relief before the end of the limitations period. As to §2244(d)(1)(C), his claims don't concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. And as to §2241(d)(1)(D), his claims aren't based on any newly discovered evidence that couldn't have been discovered earlier through the exercise of due diligence.

Absent an equitable exception, Petitioner's federal *habeas corpus* petition is barred as having been filed beyond the applicable limitations period.

b. Equitable tolling

The Fifth Circuit holds that cases presenting "rare and exceptional circumstances" can equitably toll the one-year AEDPA statute of limitations. *Jackson v Davis*, 933 F3d 408, 410 (5th Cir 2019), quoting *Hardy v Quarterman*, 577 F3d 596, 598 (5th Cir 2009, *per curiam*); see also *Holland v Florida*, 560 US 631, 649 (2010). Equitable tolling applies principally when the petitioner is actively misled by the respondent about the cause of action or is

prevented in some extraordinary way from asserting his rights. *Jones v Lumpkin*, 22 F4th 488, 490 (5th Cir 2022), citing *United States v Wheaten*, 826 F3d 843, 851 (5th Cir 2016).

A petitioner seeking a writ of *habeas corpus* must prove entitlement to equitable tolling. See *Holland*, 560 US at 649; *Hardy*, 577 F3d at 598. To do this, he must show that he diligently pursued his rights but that some extraordinary circumstance prevented timely filing. *Jones,* 22 F4th at 490, quoting *Holland,* 560 US at 649. The required diligence is that which is reasonable, not that which is maximally feasible. *Holland*, 560 US at 653 (quotation omitted).

Petitioner fails to show that any extraordinary circumstance prevented him from timely filing his federal petition. The record in no way suggests that the State of Texas misled him. The CCA's dismissals specifically told him that his applications didn't comply with Rule 73.1 because his claims weren't submitted on the prescribed form. Dkts 15-20 & 15-20. The State thus took no action to prevent him from filing within the deadline.

The record also doesn't show that Petitioner diligently pursued his rights as required to obtain equitable relief. Despite being told how to correct his improper first state application, he filed a second application that included the same error. And even after the second dismissal explaining the error, he didn't file a petition that complied with the rules. The failure to even attempt to comply with the State's procedural rules counsels against the application of the equitable tolling doctrine here. See *Davis v Quarterman*, 342 F Appx 952, 953–54 (5th Cir 2009, *per curiam*) (holding that failing to take corrective action after being notified of problem with state application while time remains in federal limitations period doesn't warrant equitable tolling).

Petitioner hasn't shown that the limitations period should be equitably tolled to make his otherwise untimely petition timely. His action must be dismissed unless

another equitable exception to the limitations period applies.

c. Actual innocence

A petitioner seeking *habeas corpus* relief may also overcome the expiration of the AEDPA limitations period if he can show that consideration of his claim is necessary to avoid a fundamental miscarriage of justice. *McQuiggin v Perkins*, 569 US 383, 392–94 (2013). A viable claim of *actual innocence* serves as a gateway to bypass a procedural bar (such as the expiration of the statute of limitations) so that a constitutional claim may be heard. Id at 386, 392. But the standard is "demanding" and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id at 401, quoting *Schlup v Delo*, 513 US 298, 316 (1995); see also *Floyd v Vannoy*, 894 F3d 143, 154–55 (5th Cir 2018, *en banc*).

*Actual innocence* in this context means "factual innocence, not mere legal insufficiency." *Bousley v United States*, 523 US 614, 623 (1998), citing *Sawyer v Whitley*, 505 US 333, 339 (1992); see also *Calderon v Thompson*, 523 US 538, 559 (1998). And a petitioner must support the allegations with new and reliable evidence that wasn't presented at trial, while establishing that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v Anderson*, 188 F3d 635, 644 (5th Cir 1999), quoting *Schlup*, 513 US at 327. *New evidence* for purposes of the actual innocence exception means evidence that wasn't "within the reach of [petitioner's] personal knowledge or reasonable investigation." *Hancock v Davis*, 906 F3d 387, 390 (5th Cir 2018), quoting *Moore v Quarterman*, 534 F3d 454, 465 (5th Cir 2008).

The Fifth Circuit holds, "The *Schlup* standard 'does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that *no reasonable juror* would have found the defendant guilty.'" *Bosley v*

*Cain*, 409 F3d 657, 664 (5th Cir 2005, *per curiam*), quoting *Schlup*, 513 US at 329 (emphasis added). As noted, this standard is a demanding one.

Petitioner doesn't identify any new, reliable evidence that that would bear on the question of his factual innocence. Without such evidence bearing on factual innocence, he doesn't meet *Schlup*'s demanding standard to allow him to bypass the otherwise applicable limitations period. His petition will thus be dismissed as untimely.

4. Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 USC §2253(c)(2). This requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 US 473, 484 (2000) (citation omitted). When the court denies relief based on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." Ibid.

It is determined that jurists of reason wouldn't debate whether any procedural ruling in this case was correct. As such, Petitioner hasn't made the necessary showing to obtain a certificate of appealability.

5. Other pending motions

Also pending are three other motions by Petitioner.

*First* is a motion to set aside the state-court indictment, in which Petitioner contends that the indictment's factual allegations don't support his conviction. Dkt 17.

The motion is construed as an attempt to amend the petition to include this additional claim. But such claim

would also be barred by the statute of limitations. As such, the motion seeking to add this claim will be denied.

*Next* is a motion for "fact development procedures," in which Petitioner seeks an evidentiary hearing on his petition. Dkt 20.

Under AEDPA, a *habeas* petitioner is entitled to an evidentiary hearing only when he shows that (i) his claims rely on either (a) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (ii) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 USC §2254(e)(2). But "even if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence." *Shinn v Ramirez*, 596 US 366, 381 (2022).

The claims asserted by Petitioner don't meet this demanding standard, which means that he isn't entitled to an evidentiary hearing. His motion seeking such a hearing will be denied.

*Last* is a motion for appointment of counsel. Dkt 21. An earlier motion for appointment of counsel was denied. Dkt 10.

The appointment of counsel is still not warranted in this untimely action. The renewed motion for appointment of counsel will thus be denied.

6. Conclusion

The petition for writ of *habeas corpus* by Petitioner Raymond Earl Carr is barred by the statute of limitations. The petition is thus DENIED. Dkt 1.

The motion by Petitioner to dismiss the indictment is treated as a motion for leave to amend his petition and is on that basis DENIED. Dkt 17.

The motion by Petitioner for "fact development procedures" is treated as a motion for an evidentiary hearing and is on that basis DENIED. Dkt 20.

The renewed motion by Petitioner for appointment of counsel is DENIED. Dkt. 21.

Any other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

This case is DISMISSED WITH PREJUDICE.

Final judgment will enter separately.

SO ORDERED.

Signed on November 24, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge